# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| SALLYANN ABBOTT, | * | |
| | * | No. 10-485V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: May 3, 2018 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs; |
| AND HUMAN SERVICES, | * | fees for fees litigation |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

<u>Ronald C. Homer and Christina M. Ciampolillo</u>, Conway & Homer, P.C., Boston, MA, for Petitioner;
<u>Althea W. Davis</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## PUBLISHED DECISION AWARDING
## SUPPLEMENTAL ATTORNEYS' FEES AND COSTS[1]

After successfully obtaining an award via the parties' stipulation, Ms. Abbott initially requested attorneys' fees and costs in the amount of $193,955.15. She was awarded a reduced amount, $150,499.04. Decision, 2017 WL 2226614 (Apr. 26, 2017). She filed a motion for review, seeking restoration of some (but not all) of the reductions. The Court denied the motion for review. Memorandum Opinion and Order, 135 Fed. Cl. 107 (2017).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Ms. Abbott now seeks an award of attorneys' fees and costs in the amount of $23,327.95 for litigating her request for fees.[2]  The Secretary has not interposed any specific objection.  Ms. Abbott is awarded $19,978.45.

## Background

The April 26, 2017 Attorneys' Fees Decision sets forth the basic chronology regarding Ms. Abbott's health and the procedural history for the merit phase of Ms. Abbott's claim.  A familiarity with that recitation is presumed.

The procedural history relevant to the pending motion begins when Ms. Abbott filed her motion for attorneys' fees and costs in late 2016, seeking $193,955.15.  Pet'r's Mot., filed Dec. 12, 2016.  The Secretary did not interpose any specific objection as to the amount requested.  Resp't's Resp., filed Dec. 22, 2016.  Nevertheless, the undersigned requested additional information and an improved invoice from one expert Ms. Abbott had retained, Dr. Gabriel Newman.  Order, issued Mar. 9, 2017.  Ms. Abbott supplied the information.

The April 26, 2017 Attorneys' Fees Decision found that the amount Ms. Abbott had requested was unreasonable.  For attorneys' fees, the Decision primarily reduced the amount requested for three items.  First, Sylvia Chin-Caplan, then a partner at the law firm representing Ms. Abbott, created some time entries that were too vague to be evaluated.  The vagueness caused a reduction of Ms. Chin-Caplan's time by 10 percent.  Second, Christina Ciampolillo, a junior attorney, also created some time entries that were too vague and also unreasonably spent time opposing a fact hearing.  Consequently, Ms. Ciampolillo's time was reduced by 30 percent.  Paralegals charged for performing tasks that were primarily clerical and these charges were eliminated.  For attorneys' costs, the most significant reduction was for the work performed by a neurologist Ms. Abbott retained, Walter Kozachuk.  Dr. Kozachuk did not merit compensation at the hourly rate that he proposed.

Ms. Abbott filed a motion for review, maintaining that the April 26, 2017 Attorneys' Fees Decision was arbitrary in reducing the award for Ms. Chin-Caplan

---

[2] Ms. Abbott's motion for supplemental fees contains a mathematical error in that the amount requested in attorneys' fees and costs exceeds the amount of attorneys' fees plus costs. The attorneys' timesheets, at page 11, indicate that the requested amount should be $23,327.95.

and Ms. Ciampolillo.  Pet'r's Mot. for Rev., filed May 26, 2017.[3]  The Secretary generally defended the April 26, 2017 Attorneys' Fees Decision, contending that the reductions did not constitute an abuse of discretion.

The Court denied the motion for review entirely, ruling that the deductions were not arbitrary.  135 Fed. Cl. 107.

With this backdrop, Ms. Abbott filed the pending motion for attorneys' fees and costs.  The attorneys' time sheets begin on December 23, 2016, which is just after the Secretary filed his response to the original fee motion.  The attorneys spent time responding to the special master's request for additional information from Dr. Newman, researching and drafting the motion for review, and preparing for oral argument.  The amount requested in attorneys' fees is $23,304.50.  The attorneys also seek reimbursement for one item of cost, the expense of mailing a check to the petitioner in the amount of $23.45 via express delivery.  Pet'r's Mot. for Supplemental Fees, filed Feb. 22, 2018.

The Secretary filed a response.  The Secretary stated that the "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed Mar. 5, 2018, at 2.  As to the amount, the Secretary did not interpose any specific objection and deferred to the special master's discretion.  Id. at 3.

## Analysis

The pending motion raises two issues:  first, whether Ms. Abbott is entitled to any additional award of attorneys' fees and costs and second, if so, what is a reasonable amount.  These are taken up in sequence.

## 1.  Entitlement to Attorneys' Fees

Congress determined that for a petitioner who obtains compensation, like Ms. Abbott here, special masters "shall also award . . . an amount to cover . . . reasonable attorneys'' fees."  42 U.S.C. § 300aa-15(e).  As part of their award, petitioners have been awarded attorneys' fees incurred in prosecuting their request

---

[3] The amount at stake for Ms. Chin-Caplan was $3,692.35.  For Ms. Ciampolillo, the reduction was $23,402.88.  See Memorandum Opinion and Order, 135 Fed. Cl. at 110 (setting forth amount requested and amount awarded for these two attorneys).

for attorneys' fees.  The Federal Circuit has endorsed awards of attorneys' fees for litigation fee disputes.  <u>Schuenemeyer v. United States</u>, 776 F.2d 329, 333 (Fed. Cir. 1985).  Special Masters have generally allowed "fees for fees," albeit with reductions consistent with the reasonableness and specific findings standards applied to attorneys' fees.  See <u>Turkupolis v. Sec'y of Health & Human Servs.</u>, No. 10-351V, 2015 WL 393343, at *4-5 (Fed. Cl. Spec. Mstr. Jan. 9, 2015) (reducing fees for duplicative and excessive work); <u>Sucher v. Sec'y of Health & Human Servs.</u>, No. 07-58V, 2013 WL 5532179, at *18 (Fed. Cl. Spec. Mstr. Sept. 17, 2013) (not compensating petitioners for time spent litigating an issue for which there was no basis to litigate); <u>Brown v. Sec'y of Health & Human Servs.</u>, No. 09-426V, 2013 WL 2350541, at *2-3 (Fed. Cl. Spec. Mstr. May 6, 2013) (reducing fees for fees by two-thirds based on two out of three of the primary issues in petitioner's filings being unreasonable); <u>Garcia v. Sec'y of Health & Human Servs.</u>, No. 07-286V, 2011 WL 6941702, at *10 (Fed. Cl. Spec. Mstr. Dec. 13, 2011) (not compensating an attorney for work necessitated by a problem the attorney created).

Payment of fees for fees has contributed, at least in part, to a shift in the Secretary's position regarding its obligations to and participation in resolving motions for attorneys' fees.  See <u>Swintosky v. Sec'y of Health & Human Servs.</u>, No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017).  The Secretary's position here is in accord with its recent posture:  "in respondent's experience, providing detailed objections only leads to 'a second major litigation' over fees . . . as well as supplemental fee requests that are routinely granted by the Court (i.e. 'fees for fees'), which negate any purpose of the objections asserted by respondent."  Resp't's Resp. at 3 n.1.

Yet, here, the Secretary possessed an opportunity to argue for a different outcome.  Almost all of the amount Ms. Abbott seeks in this pending motion for supplemental fees is for work her attorneys performed in connection with the May 26, 2017 motion for review.[4]  This work did not benefit Ms. Abbott at all.  The Court's Memorandum Opinion did not increase the amount awarded in attorneys' fees in any respect.

---

[4] Ms. Abbott's legal team spent some time responding to the undersigned's request for information regarding Dr. Newman.  This amount totaled approximately $1,500, which is less than 10 percent of the $23,353.64 sought in supplemental fees.

It would seem that an unsuccessful motion for review of a decision on attorneys' fees might, in appropriate cases, be analyzed differently from a successful motion for review of a decision on attorneys' fees. Whether this actually were to happen would depend on the strengths and weaknesses of arguments presented in a particular case.

Here, the Secretary has not made any argument against awarding Ms. Abbott fees for fees. While the Secretary laments that "supplemental fee requests are routinely awarded by Court,"[5] it would seem that the Secretary has at least some opportunity to change the attorneys' fees landscape by arguing for a different outcome. The persuasiveness of any hypothetical arguments cannot be assessed here. But, the point is that the Secretary's dissatisfaction with the process of resolving motions for attorneys' fees has not led the Secretary to attempt to change the process.

Under these circumstances, Ms. Abbott will be awarded a reasonable amount of attorneys' fees and costs requested in her motion for supplemental attorneys' fees.

## 2. Reasonable Amount

The April 26, 2017 Attorneys' Fees Decision set forth the basic structure for determining the reasonableness of amounts sought in attorneys' fees. Special masters use the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours.

In this case, the April 26, 2017 Attorneys' Fees Decision set forth some deficiencies in Ms. Abbott's original fee request that recur in her supplemental fee request. For example, multiple attorneys were involved and Ms. Abbott has not justified all the additional billings by Mr. Homer, Mr. Pepper, and Ms. Daniels. Another example is that a paralegal has charged for secretarial work.

A more critical issue is the series of entries for time spent in research on the motion for review. Overall, at first glance, the time spent in preparing a motion for review in this case on the fees dispute seemed relatively high in the undersigned's experience. As attorneys whose relatively high hourly rate reflects their

---

[5] The Secretary's use of the term "the Court" is probably intended to refer to both judges of the United States Court of Federal Claims and the special masters whom the judges appoint.

experience in the Vaccine Program, Ms. Abbott's attorneys have previously filed motions for review of decisions reducing attorneys' fees and costs.  Indeed, an investigation indicates that the motion for review in Ms. Abbott's case is similar to a motion for review Ms. Abbott's attorneys have filed before.  See Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774 (2013) (denying a motion for review that had argued the special master was arbitrary in reducing award for an expert whose invoice was deficient).  Thus, any research for a motion for review in Ms. Abbott's case starts with a foundation of previous arguments, such as the standard of review.

The undersigned's preliminary assessment that the legal team spent a relatively lengthy amount of time on two relatively straightforward issues did not end the inquiry.  Instead, the undersigned has reviewed the time entries on a line-by-line basis to determine whether the attorneys and their staff had sufficiently justified the amount of time they listed.

This line-by-line review, in turn, revealed that multiple time entries are too vague to explain what work was being done.   Because the law clerks performed most of the research, the undersigned focuses on their activities.

Here are four entries:

| Item | Date | Time | Description |
| --- | --- | --- | --- |
| 1 | 5/1/2017 | 2.0 | continued researching case law / decisions for appeal of fees and costs decision, updated memo for CC |
| 2 | 5/12/2017 | 5.5 | research for appeal of fees and costs decision, memo updated; specific topics per CC |
| 3 | 5/23/2017 | 1.20 | legal research for appeal, subpoenas in vaccine claims |
| 4 | 5/25/2017 | 0.50 | legal research for fees and costs decision appeal, MA model rules of prof. conduct, memo to CC |

These entries show a range in specificity.  Item 1, which is representative of a relatively large number of time entries, provides almost no detail.  Given the law firm's experience in filing motions for review of decisions reducing awards of attorneys' fees and costs, the law clerk should have been focused on researching

6

discrete issues.  But, the description "continued researching case law" does not communicate anything meaningful.  Item 2 indicates that for 5.5 hours, this law clerk researched some "specific topics."  However, the specific topics are not identified.  Thus, this entry is too poorly defined to be understood.

Items 3 and 4 show that the law clerk investigated subpoenas and the Model Rules of Professional Conduct.  Items 3 and 4 demonstrate that specificity in descriptions of activities — even activities that could implicate an attorney's work product — are possible.

This specificity, in turn, allows the undersigned to assess the reasonableness of the activity.  The undersigned has no hesitation in accepting the entry that 1.2 hours is a reasonable amount of time for researching law regarding subpoenas.  Similarly, the undersigned also can easily credit 0.5 hours for research on the Model Rules.  However, items 3 and 4, which describe the topic being researched, are the exception, not the rule.

Due to the vagueness in entries, the undersigned does not credit all the time spent on drafting the motion for review.[6]  The undersigned further questions the

---

[6] It bears repeating that the reason for the reduction is that vagueness in describing attorney tasks precludes effective review.  As previously stated, the April 26, 2017 Attorneys' Fees Decision reduced time because entries Ms. Chin-Caplan and Ms. Ciampolillo created were vague.  The Fees Decision also commented, somewhat positively and somewhat negatively, on the entries created by the law clerks:

> The law clerks' work is generally reasonable, although the law clerks, too, could include more detail in their entries.  See, e.g. Pet'r's Fees App., Tab A at 100 (entry for March 15, 2013 ("RESEARCH:  legal research for CC [Christina Ciampolillo], review case, draft memo to CC")).  Adding the topic of the legal research would be relatively easy and provide a better explanation for why the clerk's work is reasonable.  Nevertheless, all their work is credited in full.

2017 WL 2226614, at *8.  Given the comment for a "better explanation," the undersigned expected to see more information on the time sheets.  However, whether the attorneys change their practice is not the issue.  The question is whether the attorneys have created time entries that allow the undersigned to assess the reasonableness of the activity.

usefulness of the time spent in researching the motion for review because despite the hours spent in research, the motion for review did not address a key case from the April 26, 2017 Attorneys' Fees Decision — <u>Avgoustis v. Shinseki</u>, 639 F.3d 1340 (Fed. Cir. 2011).  The lack of any discussion of <u>Avgoustis</u>, a case the Court cited in denying the motion for review, 135 Fed. Cl. at 112, raises additional questions about what was being done.  But, as explained, the time sheets do not allow for an answer to this question.

Collectively, these reasons support a deduction from the amount originally sought.  Ms. Abbott has not adequately justified fees in the amount of $3,349.50. Consequently, a reasonable amount of attorneys' fees is $19,955.00.  Ms. Abbott has also established that costs in the amount of $23.45 is also reasonable.

## Conclusion

Ms. Abbott is entitled to a reasonable amount of attorneys' fees and costs. For the reasons explained above, a reasonable amount is $19,978.45.  This shall be paid as follows:

**A lump sum payment of $19,978.45, in the form of a check made payable jointly to the petitioner and the petitioner's attorney, Conway & Homer, P.C., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

8